(C. D. 218)

B. Holman, Inc., v. United States

United States Customs Court, Third Division

(Dated October 4, 1939)

*Barnes, Richardson & Colburn* (*Hadley King* of counsel), for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Charles J. Miville,* special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Evans, Judge: This cause is before the court on a motion to dismiss protests filed against the collector's so-called reliquidations of the entries involved and also against his refusal to post such reliquidations. The protests are identical and are in the following language:

Notice of dissatisfaction is hereby given with and protest is hereby made against your refusal to reliquidate the entry below listed under and after the passage of the Tariff Act of 1930. That if your action in endorsing on said entry "No Change Tariff Act of 1930" dated July 30, 1931, which was brought to the importer's attention within sixty days of the date of this protest, constitutes a reliquidation, we hereby protest said reliquidation and claim that the merchandise described on said invoices as goats, goatskins, or moufflons on which duty has been assessed at 25% is properly dutiably at 20% under Par. 1558, or is free of duty under Par. 1681, or is properly dutiable at 10% under Par. 1558 of the Tariff Act of 1930.

We further protest your refusal of March 20, 1936 to post such reliquidation dated July 30, 1931.

We further claim that the assessment of duties made herein is illegal and void.

The above claims severally and collectively are alternatively made under the paragraphs or sections cited, both directly, and by virtue of the "similitude" and "component material of chief value" clauses of Par. 1559 of the Tariff Act of June 17, 1930 and under the rules relating to the ordinary meaning of words, the commercial designation of the merchandise, or the chief or principal use thereof.

At the trial of the issue the Government moved to dismiss, whereupon the importer's attorney asked for time in order that stipulations of fact might be agreed upon for submission to the court for its con-

sideration when passing upon the motion. The stipulations are identical except as to the initials of the clerks of the collector's office appearing thereon and the dates of the alleged reliquidations.

We set forth the stipulation in protest 867698–G as follows:

IT IS STIPULATED by and between the respective parties herein as follows:

1. That the merchandise involved in this entry consisted of moufflons (goatskins) imported under the Tariff Act of 1922.

2. The entry was liquidated on the 2nd day of April, 1930, assessing duty on the merchandise at 25% under Par. 1420 of the Tariff Act of 1922, and that on the face of the entry appears the stamp reading:

"Liquidated April—2—30"

3. That said merchandise all remained in warehouse until after June 17, 1930, the date of the enactment of the Tariff Act of 1930.

4. That there appears on the inside of the entry paper the following:

"JULY 30 1931 (Initials) JJS
No change under Act of 1930
Ver. (Initials) WHM
(Initials) MMG"

5. That the initials JJS, WHM, and MMG were placed thereon by the following customs officials, holding the following positions:

| Initials | Name | Position |
| --- | --- | --- |
| JJS | J. J. Smith | Liquidator, Collector's Office. |
| WHM | W. H. Morehead | Liquidator, Comptroller's Office. |
| MMG | M. McGann | Clerk, Warehouse Division, Collector's Office. |

6. That there has never been any posting in the Custom House in the port of New York under the Tariff Act of 1930 of a reliquidation of said entry after said date of July 30, 1931, nor any posting of any liquidation or reliquidation since the passage of the Tariff Act of 1930.

7. Written demand was made under date of March 9, 1936, upon the Collector either to reliquidate or repost a liquidation under the Tariff Act of 1930 of the entry in question.

8. That refusal so to reliquidate or post a liquidation under the Tariff Act of 1930 was made by the Collector of Customs under date of March 20, 1936.

9. That the protest herein was filed within sixty days of said date of March 20, 1936.

10. That protest against the original liquidation of April 2, 1930, was duly filed under the Act of 1922, and thereafter and on or about April 22, 1936, a motion was made in this court to amend said protest so as to include a claim for reclassification under the Tariff Act of 1930, which motion was denied by the United States Customs Court, First Division, May 12, 1936, and said protest dismissed, which said decision is now the subject of appeal to the United States Court of Customs and Patent Appeals, Suit No. 4093, now pending undetermined before that court.

Subsequently stipulations were filed in which it was agreed that as to protest 867701–G, the merchandise covered by entry 17663 was withdrawn from warehouse and duty paid thereon on July 6, 1933, and January 17, 1934, respectively, and that none of the merchandise covered by said entry remained in warehouse subsequent to January 17, 1934. As to protest 867698–G it was agreed that all of

the merchandise covered by entry 20789 was withdrawn from warehouse for consumption and duty paid on August 18, 1930.

Since the motion raises the question of the sufficiency of the protest we set forth the provisions of the statute (the Tariff Act of 1930) governing protests as follows:

SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

We are of the opinion that the decision of this motion hinges upon the interpretation to be given to sections 315 and 505 of the same act which are in the following language:

SEC. 315. EFFECTIVE DATE OF RATES OF DUTY.

On and after the day when this Act shall go into effect all goods, wares, and merchandise previously imported, for which no entry has been made, and all goods, wares, and merchandise previously entered without payment of duty and under bond for warehousing, transportation, or any other purpose, for which no permit of delivery to the importer or his agent has been issued, shall be subjected to the duties imposed by this Act and to no other duty upon the entry or the withdrawal thereof: *Provided*, That when duties are based upon the weight of merchandise deposited in any public or private bonded warehouse, said duties shall, except as provided in section 562 of this Act (relating to manipulating warehouses), be levied and collected upon the weight of such merchandise at the time of its entry.

SEC. 505. PAYMENT OF DUTIES.

The consignee shall deposit with the collector, at the time of making entry, unless the merchandise is entered for warehouse or transportation, or under bond, the amount of duty estimated to be payable thereon. Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measure-

ment the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

After considerable search we have been unable to find any decision, nor has any been called to our attention, which holds that the collector must reliquidate warehouse entries that have been liquidated under a previous tariff, where the later act made no increase in rate. Since section 315, *supra*, requires that merchandise entered under bond for warehouse without the payment of duties shall be subject to the duties imposed by the 1930 act, it must necessarily follow that the collector of customs at the port of entry shall, at some time convenient to his multifarious duties, ascertain, fix, and liquidate the rate and amount of duties to be paid by any importer on merchandise in bonded warehouse on the effective date of the later tariff act. The stipulations of facts show that the collector liqdated the merchandise under the Tariff Act of 1922 on April 2, 1930, in each case. Since the facts show that said merchandise was not withdrawn from warehouse until after June 17, 1930, the effective date of the tariff act of that year, the merchandise covered by the entries became subject to the duties provided therein. It therefore was incumbent upon the collector to ascertain the amount of said duty. Nor is that all that he was required to do. He was required to liquidate the rate and amount of duties to be paid and "give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury."

If it be contended that the information contained on the entries as noted in paragraph 4 of the stipulations was an indication that the collector had reliquidated, it would then appear that he has not followed the usual and, we believe, required procedure by placing the evidence of reliquidation upon the entry in the form of a stamp or some definite statement to the effect that the entry had been reliquidated.

The stipulations also agree that no notice was given of the action indicated by the facts outlined in said paragraph, and it was further agreed that the collector refused to reliquidate the entry under the Tariff Act of 1930.

The protests filed against the liquidation under the Tariff Act of 1922 were not defeated by the 1930 act, because paragraph (c) of section 651 of the later act preserved the plaintiff's rights therein. That paragraph provides that:

The repeal of existing laws or modifications or reenactments thereof embraced in this Act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil or criminal case prior to

such repeal, modifications, or reenactments, but all liabilities under such laws shall continue and may be enforced in the same manner as if such repeal, modifications, or reenactments had not been made. * * *

It appears from the stipulations of fact that the importer discovered new and different claims not enumerated in the original protest which he desires to assert against the duties to be collected under the 1930 act. Whether he may have that right is not before us at this time. It may very well be that under cases which have been decided he may be barred from making additional claims, but we give no opinion in respect to that matter. It is our conclusion, however, that the collector of customs should reliquidate these entries and post notices of such reliquidations. This certainly is in accordance with the spirit of the sections of the statute heretofore set forth.

The defendant asserts that the court has no jurisdiction to entertain the protests because they are aimed at the refusal of the collector to reliquidate an entry in a case where no clerical error is claimed. In the court's view of the legal situation there are other matters involved, to wit, the ascertaining and fixing of the amount of duty and the posting of notice of liquidation. If it is claimed that the notation indicates the collector has examined and determined that the classification originally made was the proper classification and that the notation indicates that reliquidation was had in accordance with that notation, then the collector has failed to post notice and his decision not to post notice would be a decision of the collector involving the rate and amount of duty against which protest would lie.

The importer urges, as an additional reason why the collector should perform the duties imposed by section 505, that there was a change in the language of the corresponding paragraphs of the act of 1922 (1420) and of the 1930 act (1519). That would be an additional reason why the duties enjoined under section 505 should have been performed after the passage of the new tariff act.

Furthermore, it appears that the protests herein were filed within 60 days after the collector's refusal to reliquidate or repost the entries in question.

We are of the opinion that the motion to dismiss should be and the same is hereby denied. It having been agreed that if the motion to dismiss was denied the cases should be suspended under suit 4093 now pending in the United States Court of Customs and Patent Appeals, we therefore order suspension under said suit.